**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

The Estate of David Moore,
Respondent Below, Petitioner

**vs.)  No. 21-0768** (Mercer County 92-CD-334-K)

Joy Moore,
Petitioner Below, Respondent

**MEMORANDUM DECISION**

Petitioner, the Estate of David Moore, appeals the August 24, 2021, order of the Circuit Court of Mercer County affirming the May 4, 2021, order of the Mercer County Family Court. The family court concluded that Respondent Joy Moore is entitled to entry of a qualified domestic relation order ("QDRO") for one-half of David Moore's employer tax-exempt Thrift and Investment Plan ("TIP") as of the date of separation, plus any passive appreciation on that share. The court also concluded that laches did not bar her claim.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Respondent and Mr. Moore were married and had two children together. They divorced in a decree dated April 21, 1992 ("divorce decree"). As a part of the divorce decree, the TIP was addressed as follows:

> The Defendant David Keith Moore has a savings plan with Northfolk [sic] Southern Corporation which is a tax[-]exempt plan. In accordance with the agreement of the parties, the Plaintiff Joy Hayes Moore is declared to be and is an owner of one-half of the balance of that plan and, therefore, is an alternate payee under that plan. No distribution may be made by Northfolk [sic] Southern Corporation to David Keith Moore or to Joy Hayes Moore without the joint consent of David Keith Moore and Joy Hayes Moore prior to David Keith Moore reaching the earliest retirement age under the plan. After David Keith Moore shall reach the earliest retirement age under the plan, David Keith Moore shall have the right to demand distribution of his pro-rata share of the assets of the plan at any time thereafter, and Joy Hayes Moore shall have the right to demand her pro-rata share of the assets of the plan anytime thereafter.

---

[1] Petitioner is represented by counsel Kelly C. Pritt. Respondent is represented by counsel Alyson A. Dotson and Michelle L. Bechtel.

It is the intent and purpose of this Order to be a qualified Domestic Relations Order as that term is defined by Law.

It is undisputed that Mr. Moore terminated his employment with Norfolk Southern Corporation before entry of the divorce decree on April 21, 1992; that the TIP was entirely an asset of the marriage; and that no contributions were made to the TIP after his divorce from respondent. Subsequently, David Moore married again. No contributions to the TIP were made by Mr. Moore during his subsequent marriage. During his lifetime, but after entry of the divorce decree, Mr. Moore took two withdrawals from the TIP: $20,000 on May 13, 2008, and $65,000 on March 15, 2011. In response to a subpoena, the TIP presented no documentation that respondent consented to the withdrawals.

Mr. Moore died on December 16, 2019, prior to reaching retirement age under the terms of the TIP. Respondent submitted the divorce decree as a QDRO to the TIP administrator on or about January 6, 2020, and it was not accepted by the administrator as a QDRO. She then filed a motion for entry of a proposed QDRO with the family court on April 30, 2020. Petitioner[2] filed an objection on May 13, 2020, and a "Motion to Clarify Order Entered April 27, 1992." On March 15, 2021, the family court heard the matter. At the hearing, petitioner withdrew its motion and stated that its objection to the issuance of the QDRO was that respondent consented to, and received benefit from, the two withdrawals that Mr. Moore made from the TIP, and, accordingly, the withdrawals should be attributed to the account as a whole. As a result, petitioner contends the TIP should be divided equally based on the current value, not based on its value on the date of separation. Petitioner further asserted that any claim that respondent did not consent to the withdrawals of Mr. Moore is barred by the doctrine of laches. Respondent argued that the divorce decree was clear that the account was to be divided as of the date of separation. She provided a report and expert testimony from John W. Stroud, Jr., CPA, CVA, regarding the division of stock based on the number of shares in the account in 1992, prior to the withdrawals, taking into account market fluctuation and reinvestment of dividends. In the same manner, Mr. Stroud calculated the number of shares related to Mr. Moore's withdrawals as 310.46 shares of stock on May 13, 2008, and 991.46 shares of stock on March 15, 2011. Based on these calculations, he opined that respondent was entitled to 91.5% of the current account, having a value of $460,952, and petitioner's share was calculated to be 8.5%, with a value of $42,825, at the time of the testimony. The expert's opinion was uncontradicted. Respondent further denied that laches should apply and contended that there was no unreasonable delay and no prejudice to petitioner based on a failure to file a contempt motion contemporaneously with the withdrawals. The family court sought additional briefing on the issue of laches.

In an order dated May 4, 2021, the family court found that the divorce decree plainly stated that respondent was the owner of one-half of the TIP upon divorce and, because the plan was declared divided at that time, Mr. Moore's withdrawals after the divorce decree could only have come from his one-half interest in the TIP. It found that the divorce decree stated that no withdrawal could be made without the consent of the other party, encumbering both parties' share of the plan. The family court noted that the TIP did not provide any documentation of consent in

---

[2] The Estate of David Moore was substituted for David Moore by order of the family court dated April 14, 2020.

response to a subpoena. It found respondent did not consent to the withdrawals and that the uncontested expert testimony was that respondent was entitled to 91.5% of the current shares. Based on Mr. Stroud's testimony, the family court stated that the value of the TIP had risen dramatically and that the increase accrued to each party's portion of the account. It concluded this was not unjust enrichment for respondent as each party had the same opportunity to share in the increase in value. It considered and rejected petitioner's argument that laches barred respondent's denial of consent to Mr. Moore's withdrawals because she failed to object or file a motion for contempt prior to his death. The family court explained that any contempt proceeding filed by respondent would only have addressed Mr. Moore's failure to follow the divorce decree. Further, the lack of documentation from the TIP of consent and the clear language of the divorce decree indicated there was no prejudice to petitioner and no loss of critical or dispositive evidence resulted from the lack of a contempt proceeding. Petitioner appealed to the circuit court.

After briefing, the circuit court heard arguments on June 22, 2021. It affirmed the decision of the family court in an order dated August 24, 2021. In addition to affirming the family court's ruling, the circuit court noted that a posthumously entered order in this case was permissible. Petitioner appealed.

In this appeal, petitioner argues that the circuit court abused its discretion and made erroneous findings when determining that the divorce decree divided the TIP between the parties; that the TIP was already divided when Mr. Moore made two separate withdrawals from the TIP and, therefore, the withdrawals should come from his portion of the TIP only; that the doctrine of laches did not apply to respondent's claim that she did not consent to the withdrawal of funds from the plan; and that the increase in the number of stocks held in the TIP, and the increase in value thereof, as well as any liquidation of stocks, should be attributed to each person's remaining share and not to the undivided whole. We review petitioner's appeal under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

We agree with the circuit court that the family court did not abuse its discretion or err in its order and should be affirmed. The family court had the authority to posthumously enforce the divorce decree. *See* Syl. Pt. 4, *Jones v. W. Va. Pub. Emp. Ret. Sys.*, 235 W. Va. 602, 775 S.E.2d 483 (2015) ("A family court has the necessary authority to posthumously enforce, revise, modify, or amend a domestic relations order for the purpose of establishing such order as a qualified domestic relations order."). The divorce decree plainly declared the equitable distribution obligation with regard to the TIP upon entry in 1992, effectively separating the interests of the parties in the account at that time. We find no abuse of discretion or error in the court's conclusion that the TIP was subject to that division in the divorce decree at the time Mr. Moore made his later two withdrawals. *See id.* at 618, 775 S.E.2d at 499 (stating that because party's proportional marital interest in retirement benefits had been established by the divorce decree, party could seek

3

enforcement of her right to the percentage posthumously); *Kinsinger v. Pethel*, 234 W. Va. 463, 468, 766 S.E.2d 410, 415 (2014) (reversing application of laches based on delay in preparing QDRO and finding that underlying equitable distribution obligation contained in settlement agreement was unimpaired). We agree that each party is therefore entitled to a distribution equal to one-half the number of stocks in the TIP as of the date of the divorce decree, based on the express language that declared respondent "to be **and is** an owner of one-half of the balance of that plan and, therefore, is an alternate payee under that plan." (Emphasis added). Further, we find no error or abuse of discretion in allocating the appreciation of the TIP because the divorce decree established this same division of the asset. *See* Syl. Pt. 5, *Cross v. Cross*, 178 W. Va. 563, 363 S.E.2d 449 (1987) (discussing methods of dividing vested pension rights not yet matured in equitable distribution of marital property and stating that one method is a court order requiring that non-working spouse share in the benefits on a proportional basis when they mature).[3]

Petitioner also argues that the doctrine of laches applies to this matter and should bar respondent from arguing that she did not consent to Mr. Moore's withdrawals. Laches requires both an unreasonable delay and prejudice or disadvantage to another as a result of the delay. *See Kinsinger*, 234 W. Va. at 467, 766 S.E.2d at 414 (discussing doctrine of laches). Here, the family court made a finding that there was no critical or dispositive evidence lost as a result of the absence of a contemporaneous filing of a motion for contempt. We agree with the circuit court that this finding is not clear error. The circuit court did not abuse its discretion in its ultimate determination that laches does not apply in these circumstances.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] In this case, the TIP is entirely marital property; it is undisputed that there are no post-separation contributions; and the divorce decree was issued in 1992. Therefore, a coverture fraction analysis to determine respondent's share in increased proportional benefits due to passive appreciation is not required. *See* Syl. Pt. 7, *McGee v. McGee*, 214 W. Va. 36, 585 S.E.2d 36 (2003) (explaining the coverture fraction as a ratio of the years of employment during the marriage prior to separation to the total number of years of employment).

4